## Auto Equipment and Service Co., Inc., v. Edgewood Garage.

*Appeals—Magistrate's court—Term and number of Common Pleas given to proceedings — Striking off term and number — Application to Municipal Court for term and number—Acts of April 27, 1923, and July 12, 1913.*

1. Since the Act of April 27, 1923, P. L. 107, appeals from magistrates in civil cases in Philadelphia lie to the Municipal Court, and the Act of July 12, 1913, § 4, P. L. 711, makes the prothonotary of the Common Pleas Courts prothonotary for the Municipal Court.

2. Where an appeal is taken from the magistrate's court and the prothonotary inadvertently gives the transcript a Common Pleas term and number, the Common Pleas Court will, on petition, order those markings stricken off, after which an application should be made to the Municipal Court to have a number assigned to the proceedings.

Rule to correct record of appeal from magistrate. C. P. No. 5, Phila. Co., Dec. T., 1926, No. 8009.

*Conard & Middleton*, for plaintiff; *Sporkin & Fleisher.* for defendant.

MONAGHAN, J., March 7, 1927.—Judgment was entered against the defendant in a suit before a magistrate on Dec. 7, 1926. An appeal was taken in December in proper form and was filed with the prothonotary's office on Dec. 30, 1926. The appeal should have been docketed there as to the Municipal Court. Through an inadvertence, it was stamped with a term and number as of this court. The defendant, on Feb. 27, 1927, presented his petition, setting forth the facts just stated and also showing a meritorious defence, and praying for a rule to show cause why the appeal should not be perfected and an order made directing transfer of all the records in the case to the Municipal Court, with the same force and effect as if the appeal had been taken to that court. The plaintiff did not file an answer.

The Act of April 27, 1923, P. L. 107, provides: "All proceedings in civil cases before magistrates that are sought to be reviewed by appeal shall hereafter be taken only to the Municipal Court. . . . Such review by appeal shall be had in the same manner and subject to the same restrictions as provided by existing law." The Act of March 20, 1810, 5 Sm. Laws, 164, provides: ". . . Such party appellant . . . shall file the transcript of the record of the justice in the prothonotary's office . . . of the Court of Common Pleas." The Act of July 12, 1913, P. L. 711, provides: "The prothonotary of the Courts of Common Pleas . . . shall be [clerk] of the [Municipal Court] to the same

extent and in the same manner as now required by the said Courts of Common Pleas. . . ."

From these acts it would appear that the appellant has performed his whole duty when, within proper time and in due form, he filed his transcript in the prothonotary's office; and it was the duty of the prothonotary to give it a term and number as an appeal to the Municipal Court. Since by mistake the transcript was stamped C. P. No. 5, No. 8009, as an appeal to this court, these markings should be stricken off, as we have no jurisdiction of the appeal. This done, the suit stands as an appeal duly made and filed with the Municipal Court, and, as it is already there, it is neither necessary nor proper for us to enter an order for its transfer to that court. Upon proper application, the Municipal Court, and not this court, has the power to assign a number to the proceedings.

The stamp C. P. No. 5, No. 8009, is stricken off the transcript of appeal, and it is suggested that defendant apply to the Municipal Court for an assignment there of a number for the suit.